AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED
*November 20, 2025*
Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No. **4:25-mj-702** |
| NICODEMOS TELIZ-JIMENEZ | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 19, 2025__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count One: 18 U.S.C. § 111(a) | Count One: Assaulting, Resisting, or Impeding a Federal Officer, in violation of 18 U.S.C. § 111(a). |
|  | See Attachment A, incorporated herein by reference. |

This criminal complaint is based on these facts:

See attached affidavit of probable cause.

☑ Continued on the attached sheet.

*Complainant's signature*

HSI SA Travis M. Jones
*Printed name and title*

Sworn to by telephone.

Date: November 20, 2025

*Judge's signature*

City and state: Houston, Texas     Hon. Dena Hanovice Palermo, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**NICODEMOS TELIZ-JIMENEZ**,<br><br>Defendant. | Case No. **4:25-mj-702** |

### Affidavit in Support of a Criminal Complaint

I, Travis M. Jones, being duly sworn, state under oath that:

### Introduction and Agent Background

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been since 2010. My experience as a Special Agent has included, among other things, the investigation of cases involving firearms and narcotics smuggling/trafficking, child exploitation, and gangs. I have received training and have gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures.

### Purpose of Affidavit

2. The facts in this affidavit come from my personal observations, training, and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is made for the limited purpose of supporting a criminal complaint and arrest warrant and only intended to show that there is sufficient probable cause for the crime charged and does not set forth all my knowledge about this matter.

1

3.     Based on the facts as set forth in this affidavit, there is probable cause to believe that on or about October 19, 2025, **NICODEMOS TELIZ-JIMENEZ** committed the offense of assaulting, resisting, or impeding a federal officer, in violation of Title 18, United States Code, Section 111(a)(1).

### Facts Supporting Probable Cause

4.     On October 19, 2025, U.S. Immigration and Customs Enforcement ("ICE") deportation officers were conducting an immigration enforcement operation in North Houston. The deportation officers attempted to conduct a vehicle stop and box-in a 2003 Gold Honda CR-V. It was determined that the vehicle was being driven by **TELIZ-JIMENEZ**, who is illegally present in the United States. **TELIZ-JIMENEZ** did not yield and attempted to flee in his vehicle, at one point causing a deportation officer to veer his vehicle off the roadway and into an irrigation canal to avoid a collision. The other deportation officers stopped to render aid to the officer who crashed, while **TELIZ-JIMENEZ** and his passengers fled on foot westbound.

5.     Deputy Sheriffs from the Harris County Sheriff's Office responded to the scene of the crash. While at the scene, the deputies received information from dispatch that there were suspicious people who matched the descriptions of the three that had fled from the CR-V at the Fiesta Supermarket at 11006 Airline Drive, Houston, Texas. The deportation officers and deputies responded to the Fiesta Supermarket to look for the outstanding suspects.

6.     At the Fiesta Supermarket, deportation officers and deputies spotted **TELIZ-JIMENEZ** and pursued him on foot inside the store. After a short foot pursuit inside the store, **TELIZ-JIMENEZ** doubled-back and attempted to run back out of the store.

7.     At the exit of the Fiesta Supermarket was a deportation officer dressed in distinct police markings. As he ran by, **TELIZ-JIMENEZ** used both his open hands to contact and push

this deportation officer's chest, which caused the deportation officer to fall. The deportation officer experienced pain and discomfort as a direct result of the fall. This deportation officer is a full-time, sworn law enforcement official employed by United States Immigration and Customs Enforcement, Enforcement and Removal Operations.

8. Deportation officers were able to take **TELIZ-JIMENEZ** into custody in the parking lot, where deputies arrested **TELIZ-JIMENEZ** for the state offenses of assault of a public servant in the third degree, and aggravated assault of a public servant.

9. Based on the foregoing facts, I believe that probable cause exists for the issuance of a complaint and arrest warrant for **NICODEMOS TELIZ-JIMENEZ** for Title 18, United States Code, Section 111(a)(1).

_____
Travis M. Jones
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me telephonically this 20th day of November 2025, and I find probable cause.

_____
HON. DENA HANOVICE PALERMO
United States Magistrate Judge
Southern District of Texas

# ATTACHMENT A

### COUNT ONE
*Assaulting, Resisting, or Impeding a Federal Officer*

On or about October 19, 2025, in the Southern District of Texas, the defendant, **NICODEMOS TELIZ-JIMENEZ**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: Victim, a U.S. Immigration and Customs Enforcement deportation officer, while that person was engaged in and on account of the performance of official duties, and caused physical contact, in violation of Title 18, United States Code, Section 111(a)(1).